2020 PA Super 52

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DWIGHT MARSHALL | : | |
| | : | |
| | : | No. 3137 EDA 2018 |
| APPEAL OF: DEFENDER | : | |
| ASSOCIATION OF PHILADELPHIA | : | |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0208571-1997

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH OLIVER | : | |
| | : | |
| | : | No. 3138 EDA 2018 |
| APPEAL OF: DEFENDER | | |
| ASSOCIATION OF PHILADELPHIA | | |

Appeal from the PCRA Order Entered September 27, 2018 In the Court
of Common Pleas of Philadelphia County Criminal Division at No(s): CP-
51-CR-0608641-1985

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONNIE  BRADLEY | : | |
| | : | |
| | : | No. 3150 EDA 2018 |
| APPEAL OF: DEFENDER | | |
| ASSOCIATION OF PHILADELPHIA | | |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006748-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL SANTIAGO | : | |
| | : | |
| | : | No. 3198 EDA 2018 |
| APPEAL OF:  DEFENDER | : | |
| ASSOCIATION OF PHILADELPHIA | : | |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0711621-1998

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HECTOR TRINIDAD | : | |
| | : | |
| | : | No. 3650 EDA 2018 |
| APPEAL OF: DEFENDER | : | |
| ASSOCIATION OF PHILADELPHIA | : | |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1204811-1999

BEFORE:  BOWES, J., OLSON, J., and FORD ELLIOTT, P.J.E.

OPINION BY OLSON, J.:                                    **FILED MARCH 06, 2020**

- 2 -

In this consolidated appeal, Appellant, Defender Association of Philadelphia, appeals from the orders entered September 27, 2018, denying Appellant's motions to withdraw as counsel for petitioners in collateral relief proceedings. We reverse the orders and remand the cases for appointment of counsel consistent with this opinion.

The record reveals that on June 25, 2018, the court appointed Appellant to represent each of the five above-captioned petitioners in their non-capital homicide petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant filed motions to withdraw as counsel at each of the five PCRA court dockets, asserting Appellant "does not currently employ sufficient staff with the requisite skills necessary to effectively represent homicide PCRA clients; and [Appellant] does not possess the resources necessary for effective representation." PCRA Court Opinion, 9/27/18, at 2. On September 27, 2018, the PCRA court denied Appellant's motions to withdraw. Appellant filed motions for reconsideration that the PCRA court subsequently denied.

Appellant filed a timely notice of appeal at each of the five dockets.[1, 2] This Court directed Appellant to show cause why these appeals should not be quashed as interlocutory as the orders failed to satisfy the requirements of

---

[1] Appellant filed concise statements of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court subsequently filed its Rule 1925(a) opinions.

[2] In a *per curiam* order, this Court consolidated Appellant's five appeals. *Per curiam* Order, 2/14/19.

the collateral order doctrine. *Per Curiam* Order, 1/25/19 (citations omitted). Appellant filed responses and this Court subsequently discharged the orders to show cause, referring the issue to the merits panel. *Per Curiam* Order, 2/5/19.

Appellant raises the following issues for our review:

A. Does this Court have jurisdiction over the instant appeal under the collateral order doctrine?

B. Does a [PCRA] court abuse its discretion in denying a non-profit law firm's motion to withdraw from a *sua sponte* appointment when (1) the moving counsel provides unrebutted averments and evidence that it lacks the ability, staff and resources to handle non-capital homicide [PCRA petitions] as the appointments will unreasonably burden its staff, budget, and current clients; (2) the appointments are unfunded and in conflict with a settled contractual agreement; and (3) neither the [petitioners] nor the Commonwealth would be prejudiced by the withdrawal?

Appellant's Brief at 3.

Appellant contends the PCRA court's orders denying its motions to withdraw are collateral orders pursuant to Pennsylvania Rule of Appellate Procedure 313, and therefore, are immediately appealable. *Id.* at 28-37.

"Whether an order is appealable under Pa.R.A.P. 313 is a question of law. As such, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Magee**, 177 A.3d 315, 319 (Pa. Super. 2017), *quoting* **Rae v. Pennsylvania Funeral Dirs. Ass'n**, 977 A.2d 1121 (Pa. 2009). Our Supreme Court held,

Pennsylvania Rule of Appellate Procedure 313(b) permits a party to take an immediate appeal as of right from an otherwise

- 4 -

unappealable interlocutory order if the order meets three requirements: (1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal.

*Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011); *see also* Pa.R.A.P. 313(b) (defining a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost").

With regard to the first prong of the collateral order doctrine, an order is separable from the main cause of action if it is entirely distinct from the underlying issue in the case and if it can be resolved without an analysis of the merits of the underlying dispute. With regard to the second prong, a right is important if the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule. Notably, the rights must be deeply rooted in public policy going beyond the particular litigation at hand. With regard to the third prong, a right sought to be asserted on appeal will be "irreparably lost" if, as a practical matter, forcing the putative appellant to wait until final judgment before obtaining appellate review will deprive the appellant of a meaningful remedy.

*Magee*, 177 A.3d at 319-320 (citations, ellipsis, and some quotation marks omitted).

Here, the orders denying Appellant's motions to withdraw present an issue separate from and collateral to the issues raised by the petitioners in their PCRA petitions and can be resolved without an analysis of the merits of

- 5 -

the individual PCRA petitions. As to the second prong, the orders involve important rights deeply rooted in public policy that go beyond the particular circumstances of this appeal. For the petitioners, the orders involve the right to competent counsel with the skills, resources, and time to "ensure constitutionally adequate representation." *Kuren v. Luzerne County*, 146 A.3d 715, 744 (Pa. 2016). For Appellant, the orders involve the rights to earn a livelihood and to be compensated for the representation. *Magee*, 177 A.3d at 321. These rights are far more significant than the interest of efficiency. Finally, the question of whether Appellant should be permitted to withdraw from representation where Appellant has neither the skill, resources, nor time to provide the petitioners with constitutionally adequate representation will be "irreparably lost" if not addressed until after final judgment.

Therefore, we find that the orders meet all three prongs of the collateral order doctrine and are immediately appealable. Consequently, this Court has jurisdiction over this appeal.

We turn now to the merits of this appeal and "review a [PCRA] court's denial of counsel's [motion] to withdraw under the abuse of discretion standard." *Magee*, 177 A.3d at 322 (citations omitted). In determining whether the PCRA court abused its discretion, this Court must apply a balancing test weighing the indigent party's interest in a fair adjudication and the Commonwealth's interest in the efficient administration of justice with the interests of counsel seeking to withdraw; including examining whether counsel has the necessary time, resources, and skill, and whether permitting

withdrawal will prejudice the indigent party. *Id.* at 323. Our Supreme Court held an indigent party is effectively denied the right to counsel when appointed counsel is "so handicapped in the time and resources" that he or she "is systematically incapable of providing constitutionally adequate representation." *Kuren*, 146 A.3d at 736.

Here, Appellant argues that denial of its motions to withdraw as counsel for the five petitioners forces Appellant, who lacks the available skilled staff and resources, to represent indigent parties without ensuring just compensation. Appellant's Brief at 37. Appellant contends the appointed representation "undermines [the] settled contract" Appellant has with the City of Philadelphia to represent indigent parties.[3] *Id.* at 38.

At a hearing on the motions to withdraw, Appellant stated, "to take on a new type of representation for which we are not currently prepared, nor do we have the skills or resources to do, would be beyond reasonable at this time." N.T., 9/24/18, at 9. Appellant explained that it had only two attorneys with "significant PCRA experience," but both attorneys currently had full schedules and were assigned to handle other complex matters. *Id.* at 4. "Beyond that, [Appellant] has no attorneys who have significant or any PCRA experience and the skills needed to handle [PCRA petitions] effectively," and

_____

[3] We note that Appellant is a non-profit corporation first formed in 1934 that contracted with the City of Philadelphia beginning in 1969 to "provide counsel and necessary investigative and other services to [indigent parties] in various areas of representation" for which the City of Philadelphia compensates Appellant under the terms of the contract. *In re Articles of Incorporation of Defender Ass'n of Philadelphia*, 307 A.2d 906, 909 (Pa. 1973).

"the amount of time that it would take any attorney assigned to those matters who does not have the background or skills currently to handle those issues would be extraordinary." *Id.* at 5, 7.

In denying Appellant's motions to withdraw, the PCRA court remarked,

[Appellant] asserts that it does not have the resources to sustain itself in handling these matters, without evidence. This [PCRA] court is not satisfied that [Appellant] has pursued any avenue to secure funding to handle these non-capital homicide PCRA matters involving individuals who are incarcerated and seeking their freedom. [Appellant] has failed to effectively prove its claim that it lacks funds and/or competent staff to handle this representation, as [Appellant] currently has many skilled attorneys handling misdemeanor, felony, homicide and PCRA cases and appeals, and has done so for decades, in the [First Judicial District].

PCRA Court Opinion, 9/27/18, at 5. The PCRA court further explained,

[Appellant] has refused to appreciate its mandated responsibility, refused or failed to adequately represent indigent citizens[,] and to adequately manage employed personnel. These failures are self-inflicted resulting in abandonment of indigent homicide PCRA [p]etitioners. If there is no conflict of interest with other [parties], [Appellant] is **contractually obligated** to handle the case. If there are financial issues, [Appellant] must take it up with the City of Philadelphia.

PCRA Court Opinion, 12/18/18, at 3 (emphasis added).

The First Judicial District, which encompasses the City of Philadelphia, is unique in that it is exempt from the Public Defender Act, which requires each county in the Commonwealth to appoint a public defender. 16 P.S. § 9960.3. Alternatively, the City of Philadelphia has historically entered into a contract with Appellant to provide certain services to indigent parties in place

of the public defender's office. Motion to Reconsider, 10/9/18, at Exhibit A - "Provider Agreement." Under this contract, Appellant is to provide representation of indigent parties, *inter alia*, who have violated the Crimes Code, including representation for "misdemeanor offenses where the possibility of incarceration exists, felony matters, parole/reparole hearings, bench warrant hearings and violations of probation/parole hearings." **Id.** Conspicuously absent from this list of areas for which Appellant is contractually obligated to provide legal services is representation of indigent parties in PCRA matters. Furthermore, the contract provides for a specific fee structure and allows Appellant to not represent parties where representation "would constitute a conflict of interest or where [Appellant] determines for **other good and sufficient professional reasons** not to provide representation." **Id.** (emphasis added).

Instantly, the denial of Appellant's motions to withdraw as counsel is contrary to our Supreme Court's mandate that an advocate for an indigent party must have the time, resources and skill to adequately represent the indigent party so as to guarantee the indigent party's constitutional right to counsel. **Kuren**, 146 A.3d at 736. Moreover, the finding that Appellant was "contractually obligated to handle" the PCRA petitions and that any payment for services could be "taken up with the City of Philadelphia" is contrary to the terms of Appellant's contract with the City of Philadelphia to provide representation to indigent parties and is unsupported by the record. Appellant's contract specifically omits reference to providing legal services in

collateral relief proceedings, the pay structure in the contract sets forth how much and for what work Appellant will be compensated, and Appellant has the contractual right to decline representation of persons for "good and sufficient professional reasons." The record does not support that Appellant is entitled to additional compensation from the City of Philadelphia for legal services it provides outside the scope of its contract, that there has been a "decrease in criminal case inventory" which has resulted in "a lighter caseload for Appellant," or that Appellant "possesses the staff, expertise, location, appellate skills, brief banks, personnel and experience to handle [collateral relief] matters." PCRA Court Opinion, 9/27/18, at 3, 6-7. Likewise, there is no record support for the conclusion that because Appellant choose to represent parties in "approximately 1,300 'Do Not Call' police PCRA petitions," Appellant is obligated by its contract with the City of Philadelphia to represent indigent parties in other PCRA matters. *Id.* at 7, n.6. As Appellant explained, these "Do Not Call" PCRA petitions are "single issue template filings based upon documented police corruption attacking systematic and comprehensive injustices against Philadelphia citizens" that require minimal case review and time to prepare for filing and are usually resolved by agreement with the District Attorney's Office. Appellant's Brief at 17-20.

These five indigent petitioners have suffered no prejudice in their PCRA petitions, other than the delay brought on by this appeal, because the PCRA court has not begun to consider the merits of those petitions. The Commonwealth took no position on Appellant's motion to withdraw.

Commonwealth's Brief at 3. In balancing the interests of the indigent petitioners, the interests of the Commonwealth, and the interests of Appellant, including its economic and professional interests in having sufficient time, resources, and skill to represent the indigent petitioners in their PCRA petitions, we find an abuse of discretion in the denial of the motions to withdraw. Consequently, we reverse the PCRA court's orders denying the motions to withdraw and remand for appointment of new counsel for each petitioner consistent with this opinion.

PCRA Orders reversed. Cases remanded for appointment of counsel consistent with this opinion. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/20

- 11 -